IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CARMON & CARMON, a partnership, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 05-10198 PBS |
| DENNIS CAMPBELL<br>Schweigmuhlweg 6A<br>5020 Salzburg, Austria, | ) RECEIPT # 61764<br>) AMOUNT $ 150.00<br>) SUMMONS ISSUED 3<br>) LOCAL RULE 4.1 -<br>) WAIVER FORM -<br>) MCF ISSUED |
| Defendant. | ) BY DPTY. CLK. MS<br>) DATE 2/2/2005 |

## COMPLAINT

1. This is a complaint for trademark infringement, unfair competition, and false advertising under federal, state, and common law. Plaintiff ("Carmon & Carmon") conceived of the service mark "Globalaw" for use in connection with legal services and has used it continuously since at least 1988. Plaintiff brings this complaint because Defendant, subsequent to Plaintiff's first use of the mark "Globalaw," has in the past promoted and, based on information and belief, is now promoting legal services and related services in the United States under the identical service mark, "Globalaw," ("the Service Mark," "the Mark") in violation of Plaintiff's valuable intellectual property rights. The Service Mark is the exclusive property of Plaintiff, and Plaintiff has never given the Defendant permission or license to use the Mark in the United States. On information and belief, Defendant has in the past advertised his services under the Mark on the Internet, in curriculum vitae, in communications with members of the legal profession, and in other public media and publications.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over the subject matter of this complaint pursuant to

1

15 U.S.C. §1125(a), 28 U.S.C. §§1338(a) and (b), and 28 U.S.C. §1332 based on diversity of citizenship of the parties. The amount in dispute has not yet been determined but is in excess of $75,000.00. Jurisdiction over the state court claims is appropriate under 15 U.S.C. §1367(a) and principles of pendant jurisdiction.

3.  This Court has personal jurisdiction over the Defendant inasmuch as he is working, is conducting business, and is physically present in this district at the time of service, based on information and belief. Venue in this district is proper pursuant to 28 U.S.C. §§1391(b) and (c), and because, on Plaintiff's actual knowledge or on information and belief, the Defendant and others working in concert with him have infringed the Mark in this district, as well as elsewhere in the United States.

## THE PARTIES

4.  Carmon & Carmon, a New York law firm comprised of partners Haggai Carmon and Rakeffet Carmon, is the Plaintiff in this action.

5.  Defendant Dennis Campbell ("Campbell" or "Defendant") is, on information and belief, a lawyer admitted to practice in Iowa and New York, and is a citizen of the United States currently residing in Salzburg, Austria. On information and belief, Defendant does business in this district and other districts in the United States and has infringed on Plaintiffs' Service Mark in this district and elsewhere by offering his services under the Mark, by selling and assigning the Mark to a corporation, and by other actions.

## FACTS

6.  Haggai and Rakeffet Carmon are partners in the Carmon & Carmon law firm and sole stockholders in Globalaw, Inc. Plaintiff is the owner of the Service Mark "Globalaw" in the United States. Plaintiff offers and renders legal services under the Mark "Globalaw."

7. Plaintiff conceived of and began to use the Service Mark in connection with its law and business practice prior to 1988 and incorporated Globalaw, P.C., in 1988. Plaintiff has continuously used the Mark as an indication of the source of their legal services throughout the United States.

8. In 1993, Defendant, sent a letter to Plaintiff seeking cooperation and a meeting in New York. On information and belief, Plaintiff delivered to Defendant information about Plaintiff's law firm. That information included use of the Mark by Plaintiff.

9. Subsequently, Carmon & Carmon found out that Campbell had registered the Mark "Globalaw" in Austria, and had then filed an application to register the Mark in the United States on November 30, 1994, under his own name, for association services, namely promoting the interests of a group of law firms providing legal services on an international basis.

10. Plaintiff discovered Defendant's application for federal registration of the Mark and timely filed an opposition to the registration.

11. On March 28, 1994, Plaintiff attempted to file for United States federal registration of the Mark for foreign and international legal services based on its first use of the Mark as of January 22, 1988. However, due to technical errors, Plaintiff's application was only fully processed and fully filed on February 3, 1995, after Defendant's application for federal registration was received at the United States Patent and Trademark Office ("PTO") in late 1994.

12. Beginning in 1995, Plaintiff established and operated a web site, www.globalaw.com, to advertise and promote their law practice and solicit business under the Mark. In 1997, as a result of a letter from Campbell's counsel to Network Solutions, Inc. who controlled the issuance of Internet domain names, Network Solutions suspended the use by Plaintiff of the Internet domain name "globalaw.com" until the dispute over ownership of the

Mark was resolved. As a result of that action, which caused Plaintiff to be damaged, Plaintiff acquired and was forced to use another domain name.

13. On information and belief, Defendant sold or assigned his purported rights in the Mark "Globalaw" in the United States to Globalaw Limited, an offshore corporation registered in the Jersey Isles, which was owned by about 70 law firms around the world and included nine law firms in the United States, some of which are still owners of Globalaw Limited today.

14. Plaintiff is the senior user of the Mark because it had used the Mark continuously since at least 1988 up to the present time in interstate commerce in the United States, has never abandoned the Mark, and intends to continue to use it actively into the future in the United States. Plaintiff's first use of the Mark in the United States predates Defendant's use of the Mark in the United States.

15. At no time has Defendant had any rights in or to the Mark. Plaintiff, the owner of the Mark, has never given Defendant permission, license or other authorization to use or reproduce the Mark for any purpose in any location.

16. On information and belief, in cooperation and concert with Defendant, some of the law firms that have been or are members of the Globalaw Limited network used the Mark beginning as early as 1994 on letterheads, curricula vitae, publications, web sites, articles published in print media, and in other ways to offer and promote their legal services, all constituting infringement of Plaintiff's Mark.

17. On information and belief, Defendant has infringed Plaintiff's Mark on numerous occasions and in numerous ways.

a. Defendant, knowing of Plaintiff's prior use of the Mark, willfully and intentionally used the Mark in the United States for services the same or closely related to the services offered by Plaintiff under the Mark.

b. As a result of the encouragement and efforts of Defendant, the law firms that formed Globalaw Limited have also used Plaintiff's Mark, commencing after Plaintiff obtained rights in the Mark, on letterheads, business cards, brochures, curricula vitae, web sites, advertisements published in print media, and in other ways to promote their legal services, all constituting infringement of Plaintiff's Mark.

c. Defendant formed an alliance of law firms throughout the world, including the United States, to exploit and benefit from the use of the Mark by enhancing the law firms' ability to offer and market their legal services, as a result of which Defendant was unjustly enriched.

## INJURY TO PLAINTIFFS

18. Defendant's use of Plaintiff's Service Mark has irreparably injured and, if permitted to continue, will continue to irreparably injure Plaintiff, Plaintiff's Mark, and the goodwill associated with Plaintiff's Mark.

19. Defendant's actions have diluted, and will continue to dilute, the strength, distinctiveness, and selling power of Plaintiff's Mark, causing injury to Plaintiff.

20. Defendant's actions are likely to cause confusion, mistake, or deception as to the source or origin of legal services provided by Plaintiff through the use of the Mark and are likely to suggest falsely a sponsorship, connection, license, or association between services provided by Plaintiff and services rendered by members of the Globalaw Limited network.

## FIRST CLAIM FOR RELIEF
## TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, PASSING OFF, AND UNFAIR COMPETITION UNDER §43(a) OF THE LANHAM ACT, 15 U.S.C. §1125(a)

21. Plaintiff repeats and realleges the allegations set forth in ¶¶ 1-20 of this Complaint.

22. Defendant's use of the mark "Globalaw" in conjunction with services directly and closely related to legal services is likely to cause confusion, mistake, or deception as to the origin, sponsorship or approval of his services and activities, and thus constitute trademark infringement, false designation of origin, passing off, and unfair competition in violation of §43(a) of the Lanham Act, 15 U.S.C. §1125(a)(1).

23. Defendant's licensing and authorizing law firms to use the mark "Globalaw" in connection with offering and marketing legal services is likely to cause confusion, mistake, or deception as to the origin, sponsorship or approval of their services and activities, and thus constitute trademark infringement, false designation of origin, passing off, and unfair competition in violation of §43(a) of the Lanham Act, 15 U.S.C. §1125(a)(1).

24. Defendant's actions were willful and deliberate and constitute willful infringement of Plaintiff's Mark in violation of §43(a) of the Lanham Act, 15 U.S.C. §§1125(a).

25. As a direct and proximate cause of the actions, conduct, and practices of Defendant alleged above, Plaintiff has been irreparably damaged and will continue to be damaged.

## SECOND CLAIM FOR RELIEF
## FEDERAL UNFAIR COMPETITION COMPRISING FALSE AND MISLEADING STATEMENTS OF FACT UNDER §43(a) OF THE LANHAM ACT, 15 U.S.C. §1125(a)

26. Plaintiff repeats and realleges the allegations set forth in ¶¶ 1-25 of this

complaint.

27. By advertising that he had rights in the mark "Globalaw" in the United States, Defendant made false and misleading representations of fact to the public, misrepresenting the nature of his services and the services of those working in concert with him in violation of §43(a)(1)(B) of the Lanham Act, 15 U.S.C. §1125(a)(1)(B).

28. Defendant's actions were willful and deliberate and constitute willful infringement of Plaintiff's Mark in violation of §43(a)(1)(B) of the Lanham Act, 15 U.S.C. §§1125(a)(1)(B).

29. As a direct and proximate result of the actions, conduct, and practices of Defendant and those working in concert with him set forth above, Plaintiff has been and will continue to be irreparably damaged.

### THIRD CLAIM FOR RELIEF
### COMMON LAW TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND MISAPPROPRIATION

30. Plaintiff repeats and realleges the allegations set forth in ¶¶ 1-29 of this complaint.

31. Defendant's use of the mark "Globalaw" constitutes common law trademark infringement, unfair competition, and misappropriation of Plaintiff's property and good will under the common law of the Commonwealth of Massachusetts, the District of Columbia, and other districts of the United States by reason of which Plaintiff has suffered and will continue to suffer, irreparable injury.

32. Defendant's actions were willful and deliberate and constitute willful infringement of Plaintiff's Mark in violation of the common laws of the Commonwealth of Massachusetts, the District of Columbia, and other districts.

33. As a direct and proximate result of the actions, conduct, and practices of Defendant, Plaintiff has been and will continue to be irreparably damaged.

## PRAYER FOR RELIEF

34. Wherefore, Plaintiff prays that this Court enter judgment in its favor against the Defendant on each and every claim set forth above and award Plaintiff relief including but not limited to the following.

    a. A permanent injunction enjoining Defendant and all persons acting in concert with him:

        (1) From using the service mark "Globalaw" or any mark confusingly similar to that mark, and

        (2) From representing by any means whatsoever, directly or indirectly, that Plaintiff or any activities undertaken by Plaintiff are associated with or connected in any way to Globalaw Limited.

    b. An order requiring that Defendant surrender, erase, delete or destroy all advertisement or promotional materials, letterheads, documents, databases, web sites, curricula vitae, or other media or materials containing the mark "Globalaw."

    c. An order requiring Defendant to post a prominent retraction on any web sites owned or controlled by Defendant, on which Defendant erroneously and without authority advertised and represented that he had any rights in or to the mark "Globalaw," acknowledging that he has no rights in the Mark in the United States and stating that the Mark is owned by Plaintiff in the United States.

    d. An order directing Defendant to file with this Court and serve on Plaintiff through counsel within thirty days after the date of the entry of any injunction, a report in writing and

under oath setting forth in detail the manner and form in which he has complied with the injunction.

e.  An order awarding Plaintiff monetary relief including damages sustained by Plaintiff as a result of Defendant's infringement of Plaintiff's mark in an amount to be determined by the jury and the Court, Defendant's profits arising out of the use, sale, and assignment of the mark Globalaw in the United States, treble damages, attorney's fees pursuant to 15 U.S.C. § 1117, and the costs of this action and counterclaim.

f.  An order declaring that Plaintiff is the sole owner of the mark Globalaw in the United States for legal services and is entitled to federal registration of the Mark.

g.  An order awarding Plaintiff such further relief as this Court may deem appropriate.

**TRIAL BY JURY IS DEMANDED ON ALL ISSUES TRIABLE BY JURY**

Dated: February 1, 2005
Boston, MA

Respectfully Submitted,

*/s/ [signature]*

Kevin J. O'Connor (BBO #555250)
Mayeti Gametchu (BBO #647787)
James W. Bell (BBO #658123)
PARAGON LAW GROUP, LLP
184 High Street, 4th Floor
Boston, MA 02110
Telephone:  617-399-7950
Fax:            617-399-7955
paragonlaw.com

Attorneys for Plaintiffs
CARMON & CARMON

OF COUNSEL

John C. Lowe
JOHN LOWE, P.C.
5920 Searl Terrace
Bethesda, MD 20816-2023
Telephone:  301-320-5595
Fax:            301-320-8878
johnlowe@johnlowepc.com

9

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED IN CLERK'S OFFICE
2005 FEB -1 P 4: 19
U.S. DISTRICT COURT
DISTRICT OF MASS.
05 CV 10198 PBS

**I. (a) PLAINTIFFS**
CARMON & CARMON, a partnership

**DEFENDANTS**
DENNIS CAMPBELL

(b) County of Residence of First Listed Plaintiff   Kings County (NY)
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Suffolk County (Mass.)
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Kevin J. O'Connor (see attachment); Paragon Law Group, LLP
184 High Street, Boston, MA 02110 (617)399-7950

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land |  ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 550 Civil Rights |  |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition |  |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |

**V. ORIGIN** (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. § 1332 (diverstiy); 15 U.S.C §1125(a).
Brief description of cause:
A suit for violaiton of federally and state protected trademark rights.

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ In excess of $75,000; injunctive relief
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE Judge Collen Kollar-Kotelly
DOCKET NUMBER 03-CV-950 (U.S.D.C. of DC)

DATE 2/1/05
SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**

RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____

## FULL LIST OF ATTORNEYS OF RECORD

Kevin J. O'Connor (Massachusetts Board of Board Overseers # 555250)
Mayeti Gametchu (Massachusetts Board of Board Overseers # 647787)
James W. Bell (Massachusetts Board of Board Overseers # 658123)

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Carmon + Carmon v. Dennis Campbell

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☒ II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.    *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ___ III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ___ V.   150, 152, 153.

   05-10198 PBS

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.
   ~~Carmon + Carmon v. Dennis Campbell 03-CV-950~~

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   YES    (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)
   YES    (NO)

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
   YES    NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
   YES    (NO)

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
   (YES)    NO

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
      (EASTERN DIVISION)    CENTRAL DIVISION    WESTERN DIVISION

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
      EASTERN DIVISION    CENTRAL DIVISION    WESTERN DIVISION

   (PLEASE TYPE OR PRINT)
   ATTORNEY'S NAME James W. Bell
   ADDRESS 184 High St. Boston, MA 02110  617-399-7950
   TELEPHONE NO. 617-399-7950

   (Cover sheet local.wpd - 11/27/00)