UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CARMON & CARMON, a partnership, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DENNIS CAMPBELL ) <br> Schweigmuhlweg 6A ) <br> 5020 Salzburg, Austria, ) <br> ) <br> Defendants. ) <br> ) | CIVIL ACTION No. <br> 05-CV-10198-PBS <br><br> ORAL ARGUMENT REQUESTED |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT

Plaintiff Carmon & Carmon (Carmon) has at all times been willing, and is still willing, to have Defendant (Campbell) file a motion to dismiss on March 4, if he chooses, so long as he also files an answer on that date. Defendant's Motion for Extension of Time to Respond to Complaint contains errors and unsupported statements of alleged facts, as this opposition will show. The Motion and proposed order should be denied, but the Court should grant Campbell leave to file an answer and a motion to dismiss based on the statute of limitations by March 4, 2005.

### REQUEST FOR ORAL ARGUMENT

Plaintiff requests emergency oral argument on the issues raised in the motion and herein. Contemporaneously herewith, Plaintiff submits an emergency motion for expedited hearing.

1

## BACKGROUND

While living in Salzburg, Austria, Dennis Campbell filed in 1994 for federal registration of his alleged trademark "Globalaw. At that time Carmon owned the common law rights to that mark.

When Haggai Carmon, partner in Carmon & Carmon, tried to register his mark at the Patent and Trademark Office in 1994, he found out about the attempt by Campbell to steal the mark through federal registration in Campbell's name. Carmon filed an opposition to the registration by Campbell. That opposition proceeding against Campbell is still pending in the Trademark Trial and Appeal Board (TTAB). **Campbell is still the applicant for registration of the mark in Campbell's name.**

In 2003, Globalaw Limited, a Jersey Isles corporation that purports to own the mark based on an assignment from Campbell in 2002, filed a declaratory judgment action against Carmon in the U.S.D.C. for the District of Columbia. Carmon responded by answering and counterclaiming against Globalaw Limited, a number of law firms who use the mark, and Campbell. The TTAB has suspended action on the opposition proceedings pending the outcome of that D.C. litigation.

In January 2004, counsel for Carmon wrote a polite letter to Campbell at his home in Austria (Exhibit 1), advising him of what was going on and sending him a copy of the complaint filed against Carmon by Globalaw and the counterclaim filed by Carmon against Campbell and the other counterclaim defendants. The letter asked if he would accept service of the counterclaim. Campbell has never given the courtesy of responding to that letter.

2

In March 2004, counsel for Carmon again wrote a polite letter to Campbell in Austria, (Exhibit 2). Again, Campbell never had the courtesy to respond.

Seeing that the reasonable and direct approach to Campbell was being rebuffed by him, counsel for Carmon tried to have Campbell served by hand delivery by an Austrian lawyer. But Campbell evaded service by that method (Exhibit 3).

Carmon finally asked the D.C. Court to serve Campbell by letter, as authorized by U.S. law. Fed. R. Civ. P. 4(f)(2)(C)(ii). (Exhibit 4.) Campbell's codefendant in the D.C. action, who is also his attorney in the TTAB opposition (even today), Dallas law firm Jackson Walker, L.L.P., opposed Carmon's motion for letter service upon Campbell, alleging that it would be in violation of Austrian law. Counsel for Carmon saw that the dispute over that legal point of Austrian law would consume significant time and effort that were disproportionate to its value, as it was known that Campbell would be in Boston teaching in February 2005 and could be served there.

That is precisely what Carmon's counsel accomplished on February 2, 2005: service of Campbell with the Complaint in this Court and a subpoena to a deposition in the D.C. action.

## ACTIONS AFTER SERVICE OF THE COMPLAINT IN THIS CASE

When Campbell was served with the complaint in this action, he was also served with a subpoena to a deposition on February 10, 2005, to take place in Boston, but arising out of the D.C. action. Counsel for Carmon, John Lowe, spoke several times with Mark Schonfeld, the prospective lawyer for Campbell, and discussed various aspects of the case with him. Mr. Schonfeld asked for a continuance of the deposition and an extension of the time for filing an answer. The results of those conversations were as follows:

3

1.   Mr. Lowe agreed reluctantly to continue the deposition to March 9, as a courtesy to Messrs. Schonfeld and Campbell, on certain terms and conditions that were agreed upon.

2.   Mr. Lowe agreed to extend the time for Campbell **to file an answer** until March 4. Mr. Lowe was concerned that he have the answer before the March 9 deposition. He had agreed to limit that deposition to 7 hours and knew that a deposition of Campbell in only seven hours would be difficult at best, particularly with four counterclaim defendants who could probably be counted on to be objecting vigorously to everything and anything. Having information pinned down in an answer would facilitate the deposition being taken in the limited time.

3.   Mr. Lowe is an experienced trial lawyer who has engaged in discussions on both sides of the extension request issue in many litigations and knows well the difference between an extension to file responsive pleadings, which does not require the filing of an answer, on the one hand, and an extension to file an answer on the other. He agreed to the request to extend the time <u>for filing an answer</u>. He would not have agreed to a request that would have <u>only</u> produced a motion to dismiss on March 4.

4.   Based on his general experience and also on his experience in this Court several years ago when he and Paul Galvani joined as co-counsel in a case before the Honorable Reginald Lindsey (*Zeneca Limited v. Novopharm Limited*), Mr. Lowe believed that Mr. Schonfeld would send a written or e-mail confirmation of the agreement before the time for filing expired, since Lowe was under the impression that Mr. Schonfeld was an experienced lawyer and would not risk being in default without

4

having an e-mail or faxed confirmation to verify his extension agreement. No such confirmation was sent by Mr. Schonfeld.

5. On the other hand, Mr. Lowe immediately sent an e-mail to his local counsel, Kevin O'Connor, instructing him that Mr. Lowe had agreed to extend the time for **filing an answer** (Exhibit 5), proof by Mr. Lowe that the agreement was for an answer to be filed.

6. Mr. Schonfeld alleges in his motion that initially Mr. O'Connor said that there could only be an answer but no motion to dismiss. He then confesses that he was told by Mr. O'Connor that if he wanted to file a motion to dismiss in addition to an answer, that would be all right. This latter statement is correct; the former is not correct. Mr. Lowe is perfectly willing to have Campbell file a motion to dismiss so long as there is also an answer filed March 4.[1]

7. Mr. Schonfeld alludes in ¶ 12 to "the Court's dislike for unnecessary bickering and rude conduct by counsel," but says that Plaintiff's actions have left him no alternative. There has not been one word of bickering from Mr. Lowe. And neither Plaintiff nor its counsel has engaged in any rude conduct. Plaintiff and its counsel will not engage in any such actions, regardless of the provocation.

8. Mr. Schonfeld refers to "unreasonable and discourteous conduct." Plaintiff cannot see how Mr. Lowe's agreeing to continue Campbell's deposition and agreeing to an extension of the time for him to answer the complaint can be characterized as unreasonable or discourteous.

---

[1] It is interesting to note that, technically speaking, Mr. Schonfeld did only ask for and receive an extension to file an answer and, therefore, a lawyer engaging in sharp practice might argue that Mr. Schonfeld never received permission to file a motion dismiss out of time and now it is too late to do so. No such position is taken by Plaintiff here, however.

5

9. In a final non sequitur and inconsistency, Mr. Schonfeld complains that "Campbell should not be forced to give up his right to file a Motion to Dismiss based on the statute of limitations." Mr. Lowe has already said several times that it would be fine for Campbell to file a motion to dismiss -- just so long as he files an answer by March 4, as well. Mr. Schonfeld even confesses in ¶ 11 of his motion that Mr. O'Connor told him he could file a motion to dismiss. [2]

10. An important fact for the Court to consider is that Campbell has had the allegations against him, as made in the counterclaim in the D.C. action, for over a year. He cannot claim surprise or lack of time to prepare to respond, as he surely knew that Carmon would be serving him sooner or later, one way or another. When served with the Boston action, Campbell was in a position to immediately tell his counsel everything he needed to know factually to file a prompt answer, even without an extension.

WHEREFORE, Plaintiff asks the Court to require Defendant Campbell to file an answer by March 4, 2005, with leave to also file a motion to dismiss based on the statute of limitations, if he chooses to do so. Plaintiff requests an immediate hearing on this motion and is available Tuesday, March 1 and Wednesday, March 2, at any time. Plaintiff also requests an award of attorney fees and costs for being required to respond to this motion.

---

[2] It will be interesting to see the rationale of the motion to dismiss based on a statute of limitations, if one is filed, since Mr. Campbell is still the applicant for the registration of the mark "Globalaw" in the TTAB opposition, Mr. Campbell was a paid consultant of Globalaw Limited after February 2002 (based on information and belief), and .the complaint seeks primarily injunctive and equitable relief.

Dated: February 28, 2005　　　　　　　　Respectfully Submitted,
Boston, MA

_____
Kevin J. O'Connor (BBO #555250)
Mayeti Gametchu (BBO #647787)
James W. Bell (BBO #658123)
PARAGON LAW GROUP, LLP
184 High Street, 4th Floor
Boston, MA 02110
Telephone:　617-399-7950
Fax:　　　　617-399-7955
Gametchu@paragonlaw.com

Attorneys for Plaintiffs
CARMON & CARMON

OF COUNSEL

John C. Lowe
JOHN LOWE, P.C.
5920 Searl Terrace
Bethesda, MD 20816-2023
Telephone:　301-320-5595
Fax:　　　　301-320-8878
johnlowe@johnlowepc.com


## CERTIFICATE OF SERVICE

I, Mayeti Gametchu, hereby certify that, on February 28, 2005, I caused a true and correct copy of the foregoing document to be served by first class mail upon the following person:

_____

Mark Schonfeld, Esq.
Burns & Levinson LLP
125 Summer Street
Boston, MA 02110

7

<div align="center">
**John Lowe, P.C.**
**5401 Westbard Avenue, # 1115**
**Bethesda MD 20817-4770**
Phone 301•986•1166
Fax 301•986•9009
email: johnlowe@johnlowepc.com
</div>

January 13, 2004

Dennis Campbell, Esq.
Schweigmuhlweg 6A
5020 Salzburg, Austria

       *Globalaw Limited v. Carmon & Carmon, et al. v. Globalaw Limited, et al.,*
       *CA 03-950 (CKK)*

Dear Mr. Campbell,

    I am writing to you to send you a copy of an action (in the form of a counterclaim) filed against you and a number of others on behalf of Carmon & Carmon, et al., defendants/ counterclaim plaintiffs in an action filed in the United States District Court for the District of Columbia by Globalaw Limited. I include a copy of the complaint filed by Globalaw Limited, as well. As a professional courtesy, I want to give you the opportunity to accept service.

    Globalaw Limited and Carmon & Carmon met to attempt settlement of this matter. Unfortunately, no progress was made and it appears that settlement is unlikely. As a result, we have had to join you and others in this litigation. We continue to be open to realistic discussions of settlement.

    Please let me know if you are willing to accept service on behalf of your firm by January 28, 2004. I would be happy to discuss the matter with you by phone or receive a fax or e-mail indicating your intent.

                                                   Sincerely,

                                                   John C. Lowe
                                                   Counsel for Carmon & Carmon, et al.

<div style="text-align:center">

**John Lowe, P.C.**
**5401 Westbard Avenue, Suite 1501**
**Bethesda MD 20817-4770**
Phone 301•986•1166
Fax 301•986•9009
EMAIL: JOHNLOWE@JOHNLOWEPC.COM

</div>

March 9, 2004

Dennis Campbell, Esq.
Schweigmuhlweg 6A
5020 Saltzburg, Austria

        *Globalaw v. Carmon& Carmon*
        Service of counterclaim

Dear Mr. Campbell:

    As you undoubtedly are aware, Carmon & Carmon, owners of the mark "Globalaw" in the United States, have sued you in a counterclaim to a suit by Globalaw Limited in the United States District Court for the District of Columbia. Under Fed. R. Civ. P. Rule 4, you can agree to waive service of a summons for this counterclaim by mail. I will be sending you a request that you waive service of summons and avail yourself of the benefits of Rule 4.

    Enclosed is a notice of change of my address.

                                          Sincerely,

                                          John C. Lowe

encl.

**James Bell**

From: "Kanzlei Dr. Steinacher" <office@law-sbg.at>
To: <john.lowe@finnegan.com>
Sent: Tuesday, August 31, 2004 4:16 AM
Subject: Haggai Carmon ./. Dennis Campbell

Dear Mr. Lowe:

Today I tried to serve Professor Dennis Campbell again, but I was not successful.

Just as like Ms Wintersberger did, I didn't disclose my profession or the legal issue. But I got the impression that the secretary, who told me, that Professor Campbell just had gone "a minute" before I arrived, was well informed or prepared.
In an backroom I sah an elder man with white hair and a beard. I guess that the man was about 60 years old. Very suspicious seemd to me the fact, that the secretary couldn't tell me, when the Professor would return to the office. On the contrary to my first visit, the secretary didn't ask me for the issue I wanted to speak to Mr Campbell. She just told me to ring up the office, before coming the next time.

Once again we are sorry that we are not able to give you better message. Please tell us what we can do for you in this case.

Guido Lepeska

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GLOBALAW LIMITED, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>CARMON & CARMON LAW OFFICE, and )<br>GLOBALAW, INC., )<br>)<br>    Defendants and Counterclaim Plaintiffs )<br>)<br>v. )<br>)<br>GLOBALAW LIMITED, et al., )<br>)<br>    Counterclaim Defendants. ) | Case No. 03-950 (CKK) |

## COUNTERCLAIM PLAINTIFFS' MOTION
## FOR MAIL SERVICE ON DENNIS CAMPBELL

Counterclaim plaintiffs have tried unsuccessfully to effect service of process of this action on counterclaim defendant Dennis Campbell at his residence or office in Salzburg, Austria, despite retaining a Salzburg law firm to hand deliver a copy of the summons and complaint to Campbell.

As set forth in detail in the accompanying memorandum in support of this motion, after several good faith efforts to serve Mr. Campbell, it now becomes apparent that Mr. Campbell is avoiding service of process by avoiding the lawyer who was attempting service by hand delivery. Because of this apparent effort to thwart the process of this Court, counterclaim plaintiffs move the Court to authorize Fed. R. Civ. P. Rule 4(f)(2)(C)(ii) mail service to counterclaim defendant Dennis Campbell at his office address, Dennis Campbell, Center for International Legal Studies,

1

PO Box 19, A5033 Salzburg, Austria, the address used by him repeatedly in past months to solicit lawyers in the District of Columbia for educational programs, as it is apparent that such mail service would be reasonably calculated to be received by Mr. Campbell. A summons and copy of the complaint and counterclaim complaint in this action is appended for use by the clerk in effecting such mail service.

The parties have begun the discovery process and, because of the dates for discovery and other events set by the Court, the orderly processing of this litigation can continue while Mr. Campbell is served by mail and has his opportunity to enter his appearance with responsive pleadings and discovery.

<div style="margin-left: 50%;">
Respectfully submitted,

/s/ John C. Lowe
John C. Lowe
John Lowe, P.C.
5920 Searl Terrace
Bethesda MD 20816
Phone 301-320-5595
Fax    301-320-8878
e-mail johnlowe@johnlowepc.cm
Attorney for counterclaim plaintiffs
</div>

September 8, 2004